# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2015

Lyle W. Cayce
Clerk

No. 15-10026
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICKEY JOE PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-377-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mickey Joe Perez challenges the sufficiency of the evidence supporting his convictions for seven counts of aiding and assisting in the preparation and presentation of false and fraudulent individual income tax returns. According to Perez, none of the employees of Action E-File Services testified that he trained or encouraged anyone to commit tax fraud or that they observed him commit the crimes alleged in the counts of conviction; the testimony of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taxpayers for whom he prepared returns was insufficient to show that he willingly violated federal tax laws; and the taxpayers' testimony was not credible because they received "consideration" as the Government stated it did not intend to prosecute them.  Perez further asserts that the jury's decision was not rational because the evidence on the counts of conviction was materially indistinguishable from the counts on which he was acquitted.  In a similar vein, he asserts that the evidence against his codefendant, Carolyn Clark, was more incriminating than any evidence presented against him, but the jury acquitted Clark on all but one count.  Finally, Perez maintains that reversal of his convictions is required because of the "equipoise rule," that the evidence tends to give equal or nearly equal circumstantial support to a theory of guilt or a theory of innocence.

This court reviews de novo a properly preserved challenge to the sufficiency of the evidence.  *United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011).  Evidence is sufficient to support a conviction "if a reasonable trier of fact could conclude . . . the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007) (internal quotation marks and citation omitted).  To establish that Perez aided and assisted in the preparation of false and fraudulent tax forms, the Government had to prove, beyond a reasonable doubt, that Perez "willfully aided, assisted, counseled, or advised another in the preparation or presentation under the internal revenue laws of a document that is fraudulent or false as to any material matter." *United States v. Mudekunye*, 646 F.3d 281, 285 (5th Cir. 2011) (internal quotation marks and citation omitted).

The evidence was more than sufficient to support Perez's convictions. Perez presented himself as a professional tax preparer, and his name appeared as the preparer on the tax returns at issue. Perez listed numerous deductions or credits even though the taxpayers testified that they did not incur the expenses, did not discuss the expenses with Perez, and did not provide the figures or documentation to support the expenses to Perez. These included education credits and deductions for charitable donations and unreimbursed employee expenses. The false information was material as the taxpayers received tax refunds. Perez also cautioned one Action employee, Veronica Torres, that the numbers she used on tax returns would be suspicious if the claimed amounts were not proportionate to the taxpayer's income. A rational jury could infer from this evidence that Perez acted willfully to aid or assist in the preparation and presentation of false or fraudulent tax returns. Although Perez asserts he acted in good faith, he has not identified any specific evidence in support of this assertion.

Perez's argument that the taxpayer witnesses were not credible because they had agreements with the Government fails as Perez has not shown that the testimony was incredible on its face. *See United States v. Shoemaker*, 746 F.3d 614, 623 (5th Cir. 2014). The jury had the sole responsibility for determining the credibility of the witnesses. *See id.*

Contrary to Perez's argument, we do not consider the jury's rejection of certain counts in determining whether the evidence is sufficient to support Perez's convictions. *See United States v. Parks*, 68 F.3d 860, 865 (5th Cir. 1995). Further, we have abrogated the "equipoise rule" cited by Perez. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301-02 (5th Cir. 2014) (en banc).

AFFIRMED.